### EJECTMENT PROCEEDINGS.

Circuit Court of Cuyahoga County.

ROBERT J. CORLETT v. SPENCER D. CORLETT.

Decided, December 24, 1907.

*Receivers May be Appointed in Actions of Ejectment.*

Receivers may be appointed in actions of ejectment where it appears that the plaintiff has a good *prima facie* title and that there is imminent danger of the loss of rents and profits through the mismanagement of an insolvent defendant.

*George A. Groot,* for plaintiff in error.
*McKisson & Minshall,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Spencer D. Corlett filed his petition in the court of common pleas setting out that he had a legal estate and was entitled to the possession of certain real estate, described in the petition, and praying to eject Robert J. Corlett from the premises. It

was an ordinary petition in ejectment with a prayer for rents and profits, and damages for the detention of the premises by the defendant. On application of the plaintiff below the court of common pleas appointed a receiver. Motion was made in that court to dismiss the receiver. This motion was overruled, and it is this order overruling the motion to dismiss the receiver that this proceeding in error is brought. The only ground upon which it is claimed the receiver should have been dismissed is that the court was without authority in the premises to appoint a receiver in the first instance. Receivers when appointed in this state are so appointed by virtue of the provisions of Section 5587, Revised Statutes, which specifies the cases in which receivers may be appointed, and one of the clauses of the statute reads: "in all other cases where receivers have been appointed by the usages of equity."

Although grave doubts were entertained by each member of the court at the hearing of this case whether there was such usage in equity as to authorize the appointment of a receiver in a case like this, we have reached the conclusion that it may be done. The authorities upon the subject are cited in brief furnished us by the defendant in error, and we note Section 401 of Alderson on Receivers; Section 494 of Beech on Receivers, and Section 576 of High on Receivers, as well as the cases noted in the brief under these authorities, and accordingly we conclude that the court had authority to appoint the receiver.

The facts upon which the court acted are not before us and the result is that the judgment of the court of common pleas is affirmed.